UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSEPH K. RUDE,

                    Plaintiff,

          v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                    Defendant.

CASE NO. 3:16-CV-00513- DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff Joseph K. Rude filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 7.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when evaluating the medical evidence, and consequently in formulating the residual functional capacity ("RFC") and finding Plaintiff capable of performing jobs existing in the national economy. The ALJ's error is therefore harmful, and this matter is reversed and

1  remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social

2  Security ("Commissioner") for further proceedings consistent with this Order.

3  <u>FACTUAL AND PROCEDURAL HISTORY</u>

4  On May 15, 2012,[1] Plaintiff filed applications for SSI and disability insurance benefits

5  ("DIB"), alleging disability as of April 10, 2003. *See* Dkt. 10, Administrative Record ("AR")

6  259, 266. The applications were denied upon initial administrative review. *See* AR 26. A hearing

7  was held before Administrative Law Judge ("ALJ") M.J. Adams on December 6, 2013 regarding

8  the denial of Plaintiff's SSI claim. AR 26, 75-122. At the hearing, Plaintiff amended the alleged

9  onset date to May 10, 2012. AR 79. The first hearing was interrupted, and ALJ Adams held a

10  second hearing on July 15, 2014 to allow counsel for Plaintiff an opportunity to cross-examine

11  the vocational expert at the first hearing. *See* AR 75-122, 44-74. The same vocational expert did

12  not appear at the second hearing; a different vocational expert offered testimony, and counsel for

13  Plaintiff had an opportunity to cross examine the second vocational expert. *See* AR 44-74. In a

14  decision dated August 11, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 26-36.

15  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making

16  the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, §

17  416.1481.

18  Plaintiff maintains the ALJ erred by: (1) improperly assessing the medical opinion

19  evidence; (2) discounting Plaintiff's subjective complaints and testimony; and as a result of these

20  errors, (3) improperly formulating Plaintiff's residual functional capacity  ("RFC") and finding

21  Plaintiff capable of performing work existing in the national economy. *See* Dkt. 11, p. 2.

22  _____

23  [1] The ALJ's decision and plaintiff's brief identify the protective filing date as May 10,
2012. *See* AR 26; Dkt. 11, p. 2. However, the actual application indicates plaintiff filed for

24  benefits on May 15, 2012. *See* AR 249.

1

STANDARD OF REVIEW

2      Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

3 social security benefits if the ALJ's findings are based on legal error or not supported by

4 substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

5 Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

6

DISCUSSION

7 **I.      Whether the ALJ Properly Evaluated the Medical Evidence.**

8      Plaintiff asserts the ALJ erred by improperly evaluating the medical evidence. Dkt. 11,

9 pp. 10-13. Specifically, Plaintiff avers the ALJ improperly rejected the medical opinions of

10 Cassandra Clark, Ph.D., Sylvia Thorpe, Ph.D., and Marshall Anderson, M.D. *See id.*

11      The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted

12 opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

13 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d

14 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the

15 opinion can be rejected "for specific and legitimate reasons that are supported by substantial

16 evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

17 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

18 accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

19 clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

20 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

21      A.  Cassandra Clark Ph.D.

22      Plaintiff avers the ALJ erred in his treatment of Dr. Clark's medical opinion. Dkt. 11, pp.

23 11-12. Dr. Clark completed a Psychological/Psychiatric Evaluation of Plaintiff on March 13,

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 3

1   2012. AR 367-70. Dr. Clark conducted a clinical interview and charted Plaintiff's psychosocial

2   and medical history. AR 368. On mental status examination, Dr. Clark observed Plaintiff

3   "presents as cooperative and forthcoming but clearly embarrassed and uncomfortable with his

4   current situation. He appeared quite agitated and anxious but desperate to get some help in order

5   to relieve his [symptoms]." AR 369. She charted Plaintiff's mood as "'[s]tressing over coming

6   here' which was consistent with his presentation in the interview." AR 369 (quoting Plaintiff).

7   She also charted Plaintiff was experiencing delusions and suicidal ideation. AR 369. On fund of

8   knowledge, Plaintiff could not answer the name of the governor, but answered other questions.

9   AR 370. He scored a 3/5 on serial sevens and could follow three step instructions. AR 370.

10  Plaintiff could not interpret an abstract statement. *Id.* In addition, Dr. Clark observed Plaintiff

11  "appears to have little insight into his condition." AR 370. Dr. Clark opined Plaintiff has "[v]ery

12  poor concentration, [and] would have difficulty with persistence with simple and complex tasks."

13  AR 368. She also opined Plaintiff has moderate impairments related to his "consolidation and

14  recall of new information" due to his anxiety and depression. AR 369. Dr. Clark determined

15  Plaintiff has marked impairments in his ability "to complete a work day without supervision but

16  would have difficulty trusting a supervisor." AR 369. Dr. Clark also opined Plaintiff has marked

17  limitations in his ability to keep a schedule and to complete a work week. AR 369.

18          The ALJ afforded little weight to Dr. Clark's opinion. AR 33. The ALJ found Dr. Clark's

19  opinion "is largely based on the claimant's report, which, for the reasons discussed in this

20  decision, is not reliable." AR 33. The ALJ also determined Dr. Clark's opinion is "inconsistent

21  with the objective findings in the treatment record [and noted] Dr. Clark was unaware of this

22  inconsistency because she examined the claimant on only a single occasion and, unlike the state

23  agency consultants, did not review any of the treatment record." AR 33. Plaintiff maintains the

24

1   ALJ failed to offer specific and legitimate reasons to discount Dr. Clark's medical opinion. The

2   Court agrees.

3          First, the ALJ dismissed Dr. Clark's opinion finding it was largely based on Plaintiff's

4   self-reports. AR 33. An "ALJ may reject a treating physician's opinion if it is based 'to a large

5   extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti*

6   *v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*,

7   169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))).

8   However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical

9   observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d

10  1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

11  1194, 1199-1200 (9th Cir. 2008). Here, Dr. Clark charted Plaintiff's self-reported history,

12  conducted a clinical interview, and conducted an objective mental status examination. *See* AR

13  367-70. Thus, the record demonstrates Dr. Clark did not base her medical assessment more

14  heavily on self-reported symptoms. Rather, Dr. Clark provided a medical source statement based

15  on her observations, the objective results of the mental status examination, and plaintiff's self-

16  reported symptoms. Thus, the ALJ's decision discounting Dr. Clark's assessment as based on

17  Plaintiff's subjective complaints is not a specific and legitimate reason to discount Dr. Clark's

18  opinion.

19         Second, the ALJ dismissed Dr. Clark's opinion because the ALJ determined her opinion

20  was inconsistent with the evidence of record and Dr. Clark examined claimant "on only a single

21  occasion" and was not aware of this inconsistency. AR 33. The ALJ did not cite to any evidence

22  in the record inconsistent with Dr. Clark's opinion, nor did the ALJ explain why his

23

24

1    conclusions—rather than Dr. Clark's clinical observations—are correct. *See* AR 33. The ALJ's

2    statement lacks the specificity required by the Court. As noted by the Ninth Circuit:

3            To say that medical opinions are not supported by sufficient objective findings
             or are contrary to the preponderant conclusions mandated by the objective
4            findings does not achieve the level of specificity our prior cases have required,
             even when the objective factors are listed seriatim. The ALJ must do more than
5            offer his conclusions. He must set forth his own interpretations and explain
             why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis
6            does not give proper weight to the subjective elements of the doctors'
             diagnoses. The subjective judgments of treating physicians are important, and
7            properly play a part in their medical evaluations.

8    *Embrey*, 849 F.2d at 421-22 (internal footnote omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2)

9    ("Medical opinions are statements from physicians and psychologists or other acceptable

10   medical sources that reflect judgments about the nature and severity of your impairment(s),

11   including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s),

12   and your physical or mental restrictions"). Here, the ALJ provided only a conclusory statement

13   finding Dr. Clark's assessment inconsistent with the medical records. The ALJ's blanket

14   statement is insufficient to reject Dr. Clark's opinion. *See Embrey*, 849 F.2d at 421-22;

15   *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's

16   opinion on the ground that it was contrary to clinical findings in the record was "broad and

17   vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

18           Therefore, the ALJ erred as none of the reasons provided by the ALJ to reject Dr. Clark's

19   opinion are specific, legitimate, and supported by substantial evidence. *See Reddick*, 157 F.3d at

20   725.

21           "[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674

22   F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the

23   claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v.*

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 6

1  *Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at

2  1115. The determination as to whether an error is harmless requires a "case-specific application

3  of judgment" by the reviewing court, based on an examination of the record made "'without

4  regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-

5  1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

6          Had the ALJ properly considered the opinion of Dr. Clark, he may have included

7  additional limitations in the RFC and in the hypothetical questions posed to the vocational

8  expert. AR 30, 44-74, 110-22. For example, Dr. Clark opined Plaintiff "would have difficulty

9  with persistence with simple and complex tasks", yet the ALJ stated Plaintiff could perform

10  "simple routine tasks". *See* AR 368, 30. Dr. Clark also opined Plaintiff would have marked

11  limitations completing a work week and would have difficulty completing work without

12  supervision, yet he would have difficulty trusting a supervision. AR 368. Yet, the ALJ found

13  Plaintiff could "respond appropriately to supervision and to coworkers". *See* AR 30. If Dr.

14  Clark's opinions were given great weight, the ALJ may have found Plaintiff unable to work at all

15  or unable to work absent additional limitations not included in his RFC. Instead, the ALJ found

16  Plaintiff was able to perform work under conditions in which Dr. Clark found he would have

17  moderate or marked limitations.  *See* AR 30. As the ultimate disability determination may have

18  changed, the ALJ's error regarding Dr. Clark is not harmless and requires reversal. *Molina*, 674

19  F.3d at 1115.

20          B.  <u>Sylvia Thorpe, Ph.D.</u>

21          Plaintiff also challenges the ALJ's treatment of Dr. Thorpe's medical opinion. Dkt. 11, p.

22  12. Dr. Thorpe conducted a Psychological/Psychiatric Evaluation on January 22, 2014. AR 746-

23  53. Dr. Thorpe charted Plaintiff's family and social history as well as Plaintiff's activities of

24

1   daily living. *See* AR 749-50. In addition to her clinical interview, Dr. Thorpe also conducted

2   objective testing, including a mental status examination. *See* AR 752-53. On mental status

3   examination, Dr. Thorpe observed Plaintiff was tapping his feet throughout the evaluation, was

4   brusque at first, but became "appreciative and courteous by midpoint and thru end of [the]

5   interview." AR 753 (capitalization omitted). She charted Plaintiff's nervous mood as well as his

6   social phobias and nightmares and flashbacks. *Id.* Based upon her examination, Dr. Thorpe

7   opined Plaintiff would have marked limitations in his ability to work safely and accomplish a

8   normal work week without limitations. AR 752. She also opined Plaintiff would have moderate

9   limitations in his ability to complete complex tasks, perform work within a normal schedule and

10  with normal attendance, ask simple questions and for assistance, and have appropriate behavior

11  at work. AR 752.

12      The ALJ gave "some weight" to Dr. Thorpe's medical opinion finding Plaintiff would

13  have mild restrictions in most functional areas because it was "generally consistent" with her

14  examination findings and the treatment record. AR 34. However, the ALJ determined Dr.

15  Thorpe's examination findings and the treatment record did not support Dr. Thorpe's

16  determination "that the claimant would have marked restrictions in certain areas, including the

17  ability to complete a normal workweek." AR 34. The ALJ determined that portion of Dr.

18  Thorpe's opinion was based upon Plaintiff's self-reports, which the ALJ dismissed as

19  inconsistent with the overall record. AR 34. Plaintiff maintains the ALJ erred in his assessment

20  of Dr. Thorpe's opinion. The Court agrees.

21      First, the ALJ discounted Dr. Thorpe's opinion because he determined the opinion was

22  inconsistent with the overall record. AR 34. Although inconsistency with objective medical

23  findings and the overall record can be a valid basis for discounting a medical opinion, the ALJ

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 8

1   must "do more than offer his conclusions" and must "set forth his own interpretations and

2   explain why they, rather than the doctors', are correct." *Embrey*, 849 F.2d at 421-22. Here, the

3   ALJ did not cite to any evidence in the record inconsistent with Dr. Thorpe's opinion. *See* AR

4   34. The ALJ's conclusory statement discounting Dr. Thorpe's opinion regarding Plaintiff's

5   marked limitations as "not consistent with the overall record" lacks the level of specificity

6   required by the Court. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602

7   (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to

8   clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the

9   treating physician's opinion was flawed").

10          Second, the ALJ dismissed Dr. Thorpe's medical opinion regarding Plaintiff's marked

11   limitations because he determined it was based on Plaintiff's self-reports. As noted above, an

12   ALJ may only reject a physician's opinion if it is based "'to a large extent' on a claimant self-

13   reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041.

14   (citations omitted). Here, Dr. Thorpe conducted a clinical interview, charted Plaintiff's self-

15   reported history, and conducted a mental status examination. *See* AR 746-53. Thus, the record

16   demonstrates Dr. Thorpe did not base her opinion more heavily on Plaintiff's self-reports than on

17   her own clinical observations and testing. Accordingly, the ALJ erred in his assessment of Dr.

18   Thorpe's medical opinion as none of the reasons he offered to discount her opinion is specific

19   and legitimate or supported by substantial evidence.

20          C.   Marshall Anderson, M.D.

21          Finally, Plaintiff avers the ALJ erred in his treatment of Dr. Anderson's medical opinion.

22   Dkt. 11, pp. 12-13. Dr. Anderson conducted two physical functional evaluations of Plaintiff. *See*

23   AR 371-79, 754-71. On March 16, 2012, Dr. Anderson observed Plaintiff had normal range of

24

1   motion. *See* AR 371-74. However, Plaintiff's x-rays indicated "[m]inimal early disc

2   degeneration", "[m]ild left hip joint degeneration", and "[s]ymmetric hip joint degeneration." AR

3   377-79. Based upon the x-rays, Dr. Anderson found Plaintiff requires work restrictions based

4   upon "DJD [degenerative joint disease] both hips" and "DDD [degenerative disc disease]

5   lumbosacral". AR 376 (citing x-rays). Dr. Anderson opined Plaintiff is limited to sitting for most

6   of the day, walking or standing for brief periods, lifting a maximum of 20 pounds, and frequently

7   lifting 10 pounds. AR 371.

8          On February 6, 2014, Dr. Anderson completed a second DSHS Physical Functional

9   Evaluation based upon Plaintiff's complaint of low back pain. *See* AR 754-71. Dr. Anderson

10  rated Plaintiff's degenerative lumbar spine disease as moderate, and opined Plaintiff would have

11  difficulty crouching, lifting, and carrying based upon the disease. AR 755. He further opined

12  Plaintiff would be cable of performing medium work, and the symptoms were expected to last

13  for twelve months. AR 756. Dr. Anderson cited to the March 2012 x-rays and a February 2013

14  MRI showing multilevel degenerative disease as the bases for his opinion. AR 755.

15         The ALJ gave "only some weight" to the medical opinion of Dr. Anderson's March 16,

16  2012 report for "similar reasons", apparently referencing an earlier discussion of another medical

17  opinion. *See* AR 34. The ALJ also noted "Dr. Anderson's more recent opinion that the claimant

18  could do medium work seems more consistent with the overall record; however, he failed to

19  provide any examination finding to substantiate the opinion." AR 34. The Court agrees the ALJ

20  failed to provide specific and legitimate reasons supported by substantial evidence to discount

21  Dr. Anderson's medical opinion.

22         First, the ALJ discounted Dr. Anderson's opinion because he determined Dr. Anderson

23  "failed to provide any examination findings to substantiate" his more recent February 6, 2014

24

OPINION REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY
BENEFITS - 10

1   medical opinion. AR 34. However, the ALJ's determination is not supported by substantial

2   evidence as Dr. Anderson cites to Plaintiff's March 16, 2012 x-rays as well as a February 5, 2014

3   MRI as the bases for his medical opinion. *See* AR 755. Further, Dr. Anderson attached the

4   examination findings and clinical records to his opinion as evidence of records he relied upon in

5   reaching his conclusion. *See* AR 759-71. Thus, the ALJ erred in determining Dr. Anderson did

6   not provide any examination findings to substantiate his opinion.

7         Second, the ALJ discounted Dr. Anderson's March 16, 2012 medical opinion "[f]or

8   similar reasons", apparently referring to an earlier discussion of another medical opinion. *See* AR

9   34. The ALJ's conclusory statement lacks the level of specificity required by courts for rejecting

10  a medical opinion, nor does it amount to a specific and legitimate reason supported by substantial

11  evidence in the record. *Lester*, 81 F.3d at 830-31; *Embrey*, 849 F.2d at 421-22. Thus, the ALJ

12  also erred in assessing the medical opinion of Dr. Anderson.

13        **II.    Whether the ALJ erred by failing to provide clear and convincing reasons**
                  **supported by the record to find Plaintiff lacked credibility.**
14
15        Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting

16  Plaintiff's testimony about his symptoms and limitations. Dkt. 11, pp. 4-9. Absent evidence of

    malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony.
17
    *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947
18
    F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify
19
    what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*,
20
    81 F.3d at 834.
21
22        In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and

23  limiting effects of his symptoms to be not entirely credible. *See* AR 31-33. In light of the ALJ's

24  error evaluating the medical evidence, the credibility of the Plaintiff's statements necessarily

1    must be reviewed. Thus, upon remand, the ALJ should reconsider Plaintiff's alleged symptoms

2    anew as necessitated by further consideration of the medical opinion evidence.

3    **III.      Whether the ALJ Properly Evaluated Plaintiff's RFC Ability and Step Five
             of the Sequential Evaluation.**

4
5            Finally, Plaintiff argues the ALJ's RFC is flawed, and as a result, Plaintiff contends the

     ALJ's findings at Step Five were erroneous. Dkt. 11, p. 13. As discussed in Section I, *supra*, had
6
     the ALJ properly weighed the medical evidence, the RFC and hypothetical questions posed to
7
     the vocational expert may have included additional limitations. *See* AR 30, 44-74, 110-22. On
8
     remand, the ALJ shall re-evaluate the RFC and Sequential Steps.
9
                                          CONCLUSION
10
             Based on the above stated reasons, the undersigned recommends this matter be reversed
11
     and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for
12
     further proceedings consistent with this Report and Recommendation. The undersigned also
13
     recommends judgment be entered for Plaintiff and the case be closed.
14
             Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded
15
     Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and
16
     this matter is remanded for further administrative proceedings in accordance with the findings
17
     contained herein.
18
             Dated this 13th day of October, 2016.
19
20
21                                              David W. Christel
                                                United States Magistrate Judge
22
23
24